## EX PARTE DAVID S. READ.

Applicant was a soldier in Allen's Regiment, P. A. C. S.; on the 15th of September, 1862, he furnished a substitute 38 years of age, who was accepted and applicant discharged; on the 26th of May, 1863, applicant petitioned for the writ of Habeas Corpus, alleging that he was illegally restrained of his liberty, by S. H. Summers, Enrolling Officer for Bell County; the writ issued and return thereto made the same day ; respondent claimed to hold applicant as a conscript, enrolled by him previous to the service of the writ, under orders from the Head-Quarters, Conscript Bureau, at Austin, of date May 4, 1863. *Held*, that applicant was not liable to military service as a conscript on the 26th of May, 1863, he having furnished a substitute under the act of conscription, of April 16th, 1862.

The first act of conscription, passed April 16, 1862, permitted a party liable to conscription to furnish a substitute, and he having furnished such substitute, thereby satisfying the call made upon him, was exempt from the operations of the second act of conscription, passed September 27, 1862.

The arrangement between a substitute and his principal, is one to which the Government consents in a solemn manner, by the exercise of the law-making power; such consent is enough to entitle it to be respected, at least until the law-making power declares the purpose of the Government to put an end to such arrangement.

*Quere?*—Whether the furnishing a substitute by one called into the military service, and the acceptance of such substitute by the military authorities, and the discharge of the party called upon to render the military service, constitutes a contract between the Government and the party furnishing the substitute?

The order of the Secretary of War to the effect, that those who furnished substitutes under the first conscript law are liable themselves to be enrolled as conscripts, whenever the substitutes are embraced within the provisions of either of the acts, goes beyond the law, and is without authority.*

Appeal from the judgment of the Hon. W. Y. McFarland, Judge of the 19th District, sitting in Chambers, at Belton.

*Walker*, for appellant.

*Attorney General*, for appellee.

Opinion by Justice Bell.

Judgment reversed and applicant discharged.

Chief Justice Wheeler did not sit in this case.